UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CHRISTOPHER S. APPLEGATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00199-TWP-DML |
| | ) |
| OFFICER GRUBE, | ) |
| GRONDA, | ) |
| JAMEY NOEL, | ) |
| ESLER, | ) |
| CARI L. ROBERTSON, | ) |
| | ) |
| Defendants. | ) |

**ORDER STRIKING SUPPLEMENTAL COMPLAINTS,
SCREENING ORIGINAL COMPLAINT,
AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

This matter is before the Court for screening of the Complaint, as required by 28 U.S.C. § 1915A(b). Plaintiff Christopher Applegate ("Mr. Applegate") is in custody at the Jennings County Jail in North Vernon, Indiana. He initiated this action in December 2021 alleging constitutional violations at the Clark County Jail in Jeffersonville, Indiana. After his transfer to the Jennings County Jail, he filed two supplemental complaints raising unrelated allegations against different defendants. For the reasons below, the supplemental complaints are **STRICKEN**, some claims in the original complaint are **DISMISSED**, and other claims in the original complaint **SHALL PROCEED**.

I. **Supplemental Complaints**

In his original complaint, Mr. Applegate's alleges that the jail commander and staff members at the Clark County Jail subjected him to various unconstitutional conditions. (*See* Dkt. 1) (alleging that defendants housed him with federal inmates, housed him in segregation,

failed to provide working sprinklers, that one defendant "committed battery by staff in the form of sexual coercion," and that same defendant interfered with his attorney-client relationship with his criminal defense lawyer). *Id*. The supplemental complaints name new defendants and allege conduct unrelated to the events underlying the original complaint. *See* dkt. 22 (alleging that Officer Gaye had "inappropriate contact with plaintiff's 14-year-old niece"); dkt. 23 (alleging that officers at Jennings County Jail shot him in the back with a pepperball gun).

Mr. Applegate purports to bring the supplemental complaints pursuant to Federal Rule of Civil Procedure 15(d). But that rule permits the Court to allow supplemental pleadings "[o]n motion and reasonable notice." Mr. Applegate did not move for leave to file either of the supplemental complaints, and the Court would not have granted such leave because the claims would not be properly joined in this action.

The Rules of Civil Procedure allow joinder of defendants in the same action if

(A)     any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B)     any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

The transactions and occurrences underlying the claims in the original complaint are not part of the same series of transactions or occurrences as those underlying the claims in the supplemental complaints. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("Unrelated claims against different defendants belong in different suits[.]") (internal quotations and citation omitted). Also, no question of law or fact common to all defendants will arise in this action. The supplemental complaints, dkts. [22] and [23], are therefore **STRICKEN**. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion

of extra parties is limited to claims arising from the same transaction or series of related transactions."). The Court now proceeds to screening the original complaint.

## II. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## III. The Complaint

The complaint names five defendants: (1) Jail Commander Grube; (2) Captain Gronda; (3) Sheriff Jamey Noel ("Sheriff Noel'); (4) Corporal Esler; and (5) Officer Cari L. Robertson ("Officer Robertson"). The allegations in the complaint are based on Mr. Applegate's time as a pre-trial detainee at the Clark County Jail. For screening purposes, the Court treats the complaint's factual allegations as true.

Defendants Captain Gronda, Jail Commander Grube, and Corporal Esler housed Mr. Applegate with federal inmates. In May and December 2021, these defendants assigned Mr. Applegate to segregated housing. Defendant Sheriff Noel set the policy under which these

assignments were made. When Mr. Applegate was housed in segregation in December 2021, he was subjected to various fire hazards, including a non-working sprinkler system. Mr. Applegate alleges that Captain Gronda, Jail Commander Grube, Corporal Esler, and Sheriff Noel's actions violated his Fourteenth Amendment right to due process.

Defendant Officer Robertson and Mr. Applegate had an "intimate affair." Dkt. 1 at 2. Officer Robertson also "manipulated [Mr. Applegate's] legal counsel by retaining a lawyer of her choosing." *Id.* at 6. Officer Robertson was fired for her relationship with Mr. Applegate. Mr. Applegate alleges that Officer Robertson's actions violated his First Amendment right to access the courts, Sixth Amendment right to counsel, and Eighth Amendment right to be free from cruel and unusual punishment.

### IV.  Discussion of Claims

#### A.  Claim to Proceed

Mr. Applegate's claim against Officer Robertson based on allegations of coercive sexual behavior **SHALL PROCEED** under the Eighth and Fourteenth Amendments. *See Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018) ("[T]he claims of state detainees being held on probable cause arise under the Fourteenth Amendment's Due Process Clause.").

#### B.  Claims to Be Dismissed

All other claims alleged in the complaint are **DISMISSED**. The Court addresses below those claims it has identified.

Mr. Applegate's claims based on his housing assignment are evaluated under the Fourteenth Amendment's Due Process Clause. *Miranda*, 900 F.3d at 350. Mr. Applegate must therefore allege facts from which the Court may infer that the defendants' actions were objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389, 396−97 (2015). Without other indications

4

of danger not alleged here, it is not objectively unreasonable to house pretrial detainees awaiting trial on state charges with pretrial detainees awaiting trial on federal charges. Moreover, Mr. Applegate alleges no actual injury from being housed with federal inmates. These claims are therefore **DISMISSED for failure to state a claim upon which relief may be granted**.

Mr. Applegate's claims based on time in segregation are likewise based on due process. "[A]ny nontrivial punishment of a person not yet convicted a sufficient deprivation of liberty to entitle him to due process of law." *Holly v. Woolfolk*, 415 F.3d 678, 679−80 (7th Cir. 2005). But jail officials are permitted to place a pretrial detainee in segregation for less than 48 hours to maintain order in the jail without any pre-deprivation process. *Id.* at 680−81. Mr. Applegate does not allege why he was placed in segregated housing, the length of his stays, or the process he received before, after, or during his time in segregation. His claim is therefore **DISMISSED for failure to state a claim upon which relief may be granted**.

Mr. Applegate's claims regarding fire safety, also predicated on due process, are **DISMISSED for failure to state a claim upon which relief may be granted** because Mr. Applegate does not allege any injury from the alleged safety violations.

Finally, Mr. Applegate's First and Sixth Amendment claims against Officer Robertson are **DISMISSED for failure to state a claim upon which relief may be granted**. Mr. Applegate's allegations on these claims are too vague and conclusory to state a claim:

> Plaintiff also claims that his First Amendment was violated when defendant Robertson gained access to and manipulated his legal counsel by retaining a lawyer of her choosing. Plaintiff also claims his Sixth Amendment was violated because of plaintiff's right to effective assistance of counsel and defendant Robertson caused unreasonable interference with the plaintiff's ability to consult counsel. Plaintiff claims defendant Robertson interfered with plaintiff's efforts to use the courts and such interference was intentional.

Dkt. 1 at 6. Mr. Applegate has not alleged facts to allow the Court to infer what he believes Officer Robertson did with respect to his defense attorney.

## V. Directing Issuance and Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Officer Cari L. Robertson in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to strike the supplemental complaints, dkts. [22] and [23] on the docket. The **clerk is further directed** to terminate defendants Jail Commander Grube, Captain Gronda, Sheriff Jamey Noel, and Corporal Esler from the docket.

**IT IS SO ORDERED.**

Date: 5/19/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER S. APPLEGATE
JENNINGS COUNTY JAIL
JENNINGS COUNTY JAIL
Inmate Mail/Parcels
925 S. State St.
North Vernon, IN 47265

Officer Cari L. Robertson
Clark County Jail
501 East Court Avenue
Jeffersonville, IN 47130