UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CHRISTOPHER S. APPLEGATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00199-TWP-DML |
| | ) | |
| CARI L. ROBERTSON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

This matter is before the Court on a Motion for Reconsideration filed by Plaintiff Christopher Applegate. (Dkt. 27). For the reasons explained below, the Motion is denied.

**I. DISCUSSION**

Mr. Applegate is incarcerated at the Jennings County Jail. The Court previously screened his complaint—which concerned his previous time as a pretrial detainee at the Clark County Jail—and dismissed all claims and defendants except for the claims against Cari Robertson, a former correctional officer, based on allegations that she coerced Mr. Applegate into sexual activity. (Dkt. 25).

In his Motion for Reconsideration, Mr. Applegate does not identify specific claims or defendants he wishes the Court to reinstate. Rather, he "reminds the Court" of several allegations in his complaint and implies that the Court wrongly dismissed claims against certain defendants. (Dkt. 27). "Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales*,

906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact; however, a motion to reconsider is not an occasion to make new arguments. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991). A motion to reconsider under Rule 54(b) may also be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

In other words, "Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269–70 (7th Cir. 1996).

The Court dismissed claims that Mr. Applegate was wrongly confined in disciplinary segregation without due process, noting that jailers may confine pretrial detainees in segregation for short periods without any process at all. Dkt. 25 at 5 (applying *Holly v. Woolfolk*, 415 F.3d 678, 679–80 (7th Cir. 2005)). Mr. Applegate states in his motion for reconsideration that he "explains in his original complaint how long his stay in segregation" was, dkt. 27 at 1, implying that it exceeded the brief periods of segregation permissible without due process. This is incorrect. The complaint states only that Mr. Applegate was "confined to segregation in May of 2021 and also in December of 2021." Dkt. 1 at 4.

The Court also dismissed claims based on Mr. Applegate's allegations that Officer Robertson violated his First and Sixth Amendment rights by "gain[ing] access to and manipulat[ing] his legal counsel by retaining a lawyer of her choosing" and "caus[ing] unreasonable interference with the plaintiff's ability to consult counsel." Dkt. 25 at 5 (quoting dkt. 1 at 6). The Court deemed these allegations "too vague and conclusory to state a claim." *Id.* In his motion for reconsideration, Mr. Applegate states that Officer Robertson "disclosed sensitive information that could jeopardize the outcome of his pending criminal case and right to a fair trial" and forced him to "change legal representation, lose money, and be held even longer in jail without going to trial and resolving the case." Dkt. 27 at 2. But these allegations were not in the complaint and he has not requested leave to amend the complaint in order to make these allegations.

In short, the motion for reconsideration, dkt. [27] does not identify a patent misunderstanding of the allegations presented in the complaint, and it is **denied**. The action will continue to proceed with claims against Officer Robertson as discussed in the screening order, at Dkt. 25.

**IT IS SO ORDERED.**

Date: 7/27/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER S. APPLEGATE
JENNINGS COUNTY JAIL
JENNINGS COUNTY JAIL
Inmate Mail/Parcels
925 S. State St.
North Vernon, IN 47265