UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CHRISTOPHER S. APPLEGATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00199-TWP-KMB |
| | ) |
| CARI L. ROBERTSON, Officer, | ) |
| | ) |
| Defendant. | ) |

## ORDER RESOLVING PENDING MOTIONS

This matter is before the Court on several motions filed by the parties. *Pro se* Plaintiff, Christopher S. Applegate ("Mr. Applegate"), initiated this action alleging various constitutional violations while detained at the Clark County Jail (Dkt. 1). After screening, the only claim remaining is his claim against Defendant Cari L. Robertson ("Officer Robertson") based on allegations of coercive sexual behavior. (Dkt. 25 at 4.) Officer Robertson has filed a Motion to Dismiss, (Dkt. 91), and Motion for Summary Judgment, (Dkt. 93). Mr. Applegate has filed a Motion Compelling Discovery, (Dkt. 100), Motion Addressing Issues with Defendant's Motion for Summary Judgment (Dkt. 101), Motion Requesting Missing Documents from Court (Dkt. 102), Motion for Assistance with Recruiting Counsel (Dkt. 103), and Motion Requesting Copies from the Court (Dkt. 104). The Court will address the motions separately below.

### I. OFFICER ROBERTSON'S MOTIONS

Officer Robertson has filed a Motion to Dismiss, (Dkt. 91), and Motion for Summary Judgment, (Dkt. 93). To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In

reviewing the sufficiency of a complaint, the court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chi.*, 907 F.3d 487, 491 (7th Cir. 2018).

A motion for summary judgment asks the court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A.   **Motion to Dismiss (Dkt. 91)**

In his Complaint, Mr. Applegate alleges that Defendant Officer Robertson and Mr. Applegate had an "intimate affair." (Dkt. 1 at 2). Officer Robertson was fired for her relationship with Mr. Applegate. *Id*. at 6. Mr. Applegate alleges that Officer Robertson "committed battery by staff in the form of sexual coercion" and that she "had authority over [him] and access to him because of [her] position" as an officer at the Jail. *Id*. He seeks damages for his "psychological damage, personal humiliation, mental anguish, [and] emotional distress." *Id.* at 10.

Officer Robertson seeks dismissal, arguing that "[t]here is absolutely zero evidence to show that this took place in any way, shape or form. While the parties exchanged "chirps" with one another and some of the content on those "chirps" were sexual in nature, it was a consensual

discussion and was never physical." (Dkt. 92 at 4). Robertson argues that "inappropriate conversations that are held between two consenting individuals simply does not rise to a violation of the Plaintiff's Eighth Amendment." *Id.*

Although Officer Robertson disputes Mr. Applegate's version of the events, at this stage of the proceedings, the Court accepts the factual allegations made by Mr. Applegate as true. Mr. Applegate has sufficiently pled a Fourteenth Amendment claim against Officer Robertson. *See J.K.J. v. Polk County,* 960 F.3d 367, 376 (7th Cir. 2020) (upholding jury verdict finding correctional officer violated inmates' Eighth Amendment rights when he sexually assaulted them); *Miranda v. County of Lake,* 900 F.3d 335, 350 (7th Cir. 2018) ("[T]he claims of state detainees being held on probable cause arise under the Fourteenth Amendment's Due Process Clause."). Accordingly, Officer Robertson's Motion to Dismiss, (Dkt. 91), is **denied**.

**B.**    **Motion for Summary Judgment (Dkt. 93)**

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A).

Officer Robertson's summary judgment motion fails to meet this standard. First, Officer Robertson does not cite to any record evidence to support her arguments. Second, while she contends there is "absolutely no evidence of anything physical taking place," between her and Mr. Applegate, (Dkt. 94 at 4), Mr. Applegate affirms in his Complaint that Officer Robertson "committed battery by staff in the form of sexual coercion." (Dkt. 1 at 6.)  His Complaint is

3

verified under penalty of perjury and thereby functions as an affidavit. *See James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020); *Beal v. Beller,* 847 F.3d 897, 901 (7th Cir. 2017) ("[A] verified complaint is not just a pleading; it is also the equivalent of an affidavit for purposes of summary judgment, because it contains factual allegations that if included in an affidavit or deposition would be considered evidence, and not merely assertion.") (internal citations omitted).

When ruling on a motion for summary judgment, the judge does not determine whether the disputed facts are true, the judge simply looks at whether the disputed facts could lead the jury to find in favor of the non-moving party. That is the case here, accordingly, Officer Robertson's Motion for Summary Judgment, (Dkt. 93), is **denied**. This matter will be resolved by settlement or trial.

## II. MR. APPLEGATE'S MOTIONS

Mr. Applegate has filed five motions: one Motion Compelling Discovery, (Dkt. 100); two Motions Requesting Copies, (Dkts. 102 and 104); a Motion Addressing Issues with Defendant's Motion for Summary Judgment, (Dkt. 101); and a Motion for Assistance with Recruiting Counsel, (Dkt. 103).

### A. Motion Addressing Issues with Defendant's Motion for Summary Judgment (Dkt. 101)

Mr. Applegate's motion to address issues with the pending motion for summary judgment, (Dkt. 101), is **granted** to the extent the Court considered his arguments when deciding the motion for summary judgment.

### B. Motion for Assistance with Recruiting Counsel (Dkt. 103)

Mr. Applegate's motion to appoint counsel, (Dkt. 103), is **granted**. The Court will attempt to recruit counsel to represent Mr. Applegate through final judgment. However, **the Clerk is directed** to send Mr. Applegate a form motion for assistance with recruiting counsel because this

4

form contains the terms and conditions of accepting counsel.  Mr. Applegate must complete the form and return it no later than **Monday, August 12, 2024.**  If he fails to do so, the Court may terminate its attempts to recruit counsel for him.

C.     **Motion Compelling Discovery (Dkt. 100)**

Mr. Applegate's Motion Compelling Discovery, (Dkt. 100), is **denied without prejudice**. After counsel is appointed, counsel may renew the motion if counsel deems it appropriate or ask the Court for leave to conduct additional discovery.

D.     **Motions Requesting Copies (Dkts. 102 and 104)**

Mr. Applegate moves for a complete copy of Officer Robertson's answers to his requests for admission, noting that the copy he received was missing the answers to requests 2 and 3. Officer Robertson did not respond in opposition.  Accordingly, the Motion, (Dkt. 102), is **granted** to the extent that it is **ordered** that, within **fourteen (14) days of the date of this Order**, Officer Robertson shall: (1) send Mr. Applegate a complete copy of her answers to his requests for admission; and (2) file a notice with the Court confirming she has done so.

Mr. Applegate also requests copies of all docket entries from docket 90 through 103, noting that his facility has restricted his ability to make copies of his filings before he submits them to the Court. (Dkt. 104.) The Motion, (Dkt. 104), is **granted** to the extent that the **Clerk is directed** to enclose copies of the following with Mr. Applegate's copy of this Order: (1) public docket sheet; (2) response to summary judgment motion, (Dkt. 95); (3) response to motion to dismiss, (Dkt. 96); (4) motion for extension of time, (Dkt. 97); (5) submission of declarations, (Dkt. 99); (6) motion to compel, (Dkt. 100); (7) motion to address issues with summary judgment, (Dkt. 101); (8) motion requesting missing documents, (Dkt. 102); (9) motion to appoint counsel, (Dkt. 103); (10) motion requesting copies, (Dkt. 104).  If, after reviewing the public docket sheet, Mr. Applegate believes

he needs copies of additional documents, he may file a motion for the Court's consideration identifying them by docket number. He is advised, however, that he is not entitled to free courtesy copies of documents he files as a matter of course and, absent some institutional impediment to doing so, is responsible for obtaining such copies before he files documents with the Court. Any future motion requesting copies must explain, as to each document requested, why he needs a copy.

### III.  CONCLUSION

Officer Robertson's Motion to Dismiss, Dkt. [91], and Motion for Summary Judgment, Dkt. [93], are **DENIED**. Mr. Applegate's Motion Addressing Issues with Defendant's Motion for Summary Judgment, Dkt. [101], and Motion for Assistance with Recruiting Counsel, Dkt. [103], are **GRANTED**. The Motion Compelling Discovery, Dkt. [100], is **DENIED without prejudice**. The Motions Requesting Copies, Dkts. [102] and [104], are **GRANTED** to the extent stated in Section II above.

The **Clerk is directed** to include a blank motion for assistance with recruiting counsel form with Mr. Applegate's copy of this Order.

Because of the age of this case, a final pretrial conference and trial date will be set in a separate Entry. The **Magistrate Judge is requested** to schedule a telephonic status conference with the parties to discuss trial readiness and the possibility of settlement.

**SO ORDERED.**

Date: 7/22/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher S. Applegate, #250784
Wabash Valley Correctional Facility
6908 South Old US Hwy 41
Carlisle, Indiana  47838

Evan Bardach
INGLE LAW OFFICE
ebardach@ginglelaw.com

Magistrate Judge Kellie M. Barr